Filed 11/18/22  Banga v. The Regents of the U. of Cal. CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| KAMLESH BANGA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,<br><br>    Defendants and Respondents. | A162936<br><br>(San Francisco City and County Super. Ct. No. CGC-16-549780) |

        While Kamlesh Banga pursued a personal injury lawsuit against a third party based on hearing loss she suffered as a result of a car accident, defendant health care providers tested her hearing and reported that she was exaggerating her injuries. After settling her personal injury lawsuit, Banga (representing herself) sued defendants.  She originally asserted negligence causes of action and later asserted that she was injured by the defendants' intentional refusal to provide complete medical records.  Banga argues that the trial court erred in sustaining (without leave to amend) defendants' demurrer with respect to four of her six causes of action.  We disagree and affirm.

1

## BACKGROUND

### A.

Banga filed her personal injury lawsuit in 2010 and had "medical legal evaluation[s]" of her hearing in 2012 and 2013. The tests were conducted by defendants Anga Lao, Au.D., and J. Andrew Dundas, Ph.D., in consultation with Banga's treating physician Lawrence Lustig, M.D., who were all employees of defendant The Regents of the University of California (collectively, the Regents).

The first report indicated that Banga's first set of tests (in April 2012) showed she had profound hearing loss and was not exaggerating her symptoms. After subsequent tests (in November 2012 and October 2013), the Regents reported that she only had moderate hearing loss and was exaggerating her symptoms. Banga's attorney paid the Regents $2,632.20 for the April 2012 tests, $2,021.40 for the November 2012 tests, and $2,177.46 for the October 2013 tests.

Before she settled her personal injury action (in 2014), Banga underwent similar medical testing at Stanford Hospital, and thereafter received a report more favorable to her and her underlying lawsuit. Stanford's report also included computerized data from the tests.

Banga repeatedly requested copies of medical records related to defendants' reports and evaluations—specifically the objective findings from the testing—in October 2013, September 2014, January 2016, February 2017, and April 2019. However, the Regents did not produce complete records for any of the testing dates until July 2019—when defendants released a 24-page report for her November 2012 testing, which included for the first time underlying objective test data. According to her operative complaint, defendants continue to withhold at least the objective findings from Banga's October 2013 testing.

2

**B.**

This is the second appeal Banga has filed in this litigation. In her first appeal, this court reversed the trial court's order sustaining defendants' demurrer to her first amended complaint without leave to amend. (*Banga v. Regents of the Univ. of Cal.* (Oct. 1, 2019, A151758) [nonpub. opn.] (*Banga I*).)

In *Banga I*, this court observed that the Legislature had established procedures to ensure patient access to health care records (Health & Saf. Code, § 123110),[1] and also permitted an action, with discretionary award of fees and costs to the prevailing party, to enforce these provisions. (§ 123120; see *Person v. Farmers Ins. Group of Companies* (1997) 52 Cal.App.4th 813, 816-818.)

Accordingly, *Banga I* determined that the trial court abused its discretion by denying Banga leave to amend so that she could plead claims seeking equitable relief to enforce her requests for medical records (Health & Saf. Code, § 123120; Bus. & Prof. Code, §§ 17200, 17203). The judgment was reversed and remanded, with directions to the trial court to enter an order sustaining the demurrer and granting Banga leave to file a second amended complaint. (*Banga I, supra,* A151758.)

**C.**

On remand, Banga filed a second amended complaint and then, after defendants' demurrer was granted with leave to amend *some* of her causes of action, a third amended complaint (her operative complaint). Banga's operative complaint alleged causes of action for: (1) breach of contract; (2) violation of Health and Safety Code section 123110; (3) fraudulent concealment of medical records; (4) intentional concealment of medical records;

---

[1] Undesignated statutory references are to the Health and Safety Code.

3

(5) intentional infliction of emotional distress and (6) violation of the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.).

With the exception of her two statutory (second and sixth) causes of action that sought equitable relief, Banga sought compensatory damages, alleging that defendants' suppression of her medical records reduced her settlement in the underlying personal injury litigation and caused emotional distress.

Defendants demurred again, arguing Banga's first, third, fourth, and fifth causes of action failed to allege facts sufficient to state a cause of action. The trial court sustained the demurrer without leave to amend with respect to those four causes of action. Banga then dismissed her remaining second and sixth causes of action (without prejudice) and appealed from the judgment entered in defendants' favor.

## DISCUSSION

### A.

With respect to Banga's third, fourth, and fifth causes of action, the trial court did not err when it sustained defendants' demurrer without leave to amend because these are barred tort claims for spoliation of evidence.

### 1.

We review an order sustaining a demurrer de novo, considering whether the complaint states a cause of action on any available legal theory. (*Rosen v. St. Joseph Hospital of Orange County* (2011) 193 Cal.App.4th 453, 458 (*Rosen*).) We assume the truth of all material facts that are properly pled, but disregard contentions, deductions, or conclusions of fact or law. (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 346.) We also look past the form of the pleading (and its labels) and focus on its substance, giving it a reasonable construction in context. (*Rosen, supra,* at p. 458.)

4

**2.**

In her third through fifth causes of action, Banga alleges in substance that defendants intentionally withheld, concealed, or altered some of the medical records from her hearing tests, which entitles her to compensatory damages because she could not use the undisclosed records to support her personal injury action. She alleges this suppression of evidence caused her emotional distress and a reduced recovery in her personal injury lawsuit.[2]

The trial court properly recognized that she is, in substance, asserting tort claims for spoliation of evidence. Intentional destruction, suppression, or alteration of evidence is spoliation. (See *Temple Community Hospital v. Superior Court* (1999) 20 Cal.4th 464, 469, 476-477 (*Temple*); *R.S. Creative, Inc. v. Creative Cotton, Ltd.* (1999) 75 Cal.App.4th 486, 497.)

The law is clear that, for numerous policy reasons (including discouraging endless and speculative litigation by disappointed litigants), there is no tort remedy for the spoliation of evidence, regardless of whether it is brought against a party to the underlying litigation or a third party (as Banga alleges). (See *Temple, supra,* 20 Cal.4th at p. 466; *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 17-18 (*Cedars-Sinai*); *Strong v. State of California* (2011) 201 Cal.App.4th 1439, 1458-1459.) Defendants are correct that this rule applies to all substantive claims of spoliation, notwithstanding the label a

---

[2] To the extent Banga's third cause of action alleges she relied on a purportedly false statement by Dr. Lustig (that the objective findings did not exist), she does not state an independent cause of action for fraud because she does not allege any harm she suffered as a result of her reliance on that statement. The harm she allegedly suffered was from the withholding of the objective findings, not from her reliance on anything Dr. Lustig said.

plaintiff attaches to a particular cause of action. (*Rosen, supra,* 193 Cal.App.4th at pp. 455-457, 462.)

Banga suggests that defendants acted as her fiduciaries because of the existence of a doctor-patient relationship and thereby had a duty, as a matter of law, to produce any and all medical records including the data that she seeks. She does not explain, however, how we could allow her to seek tort damages from defendants for withholding, concealing, or altering her medical records without violating *Cedars-Sinai* and *Rosen*—both of which also involved alleged spoliation of a patient's medical records. (See *Cedars-Sinai, supra*, 18 Cal.4th at pp. 4-5, 17-18; *Rosen, supra*, 193 Cal.App.4th at p. 456; *Rosen* at p. 463 ["general, preexisting relationships are not sufficient to support a spoliation of evidence claim"].)

Banga is correct that our Supreme Court has recognized that a duty to preserve and produce evidence may exist independently of tort law. (*Temple, supra*, 20 Cal.4th at p. 477 ["to the extent a duty to preserve evidence is imposed by statute or regulation upon the third party, the Legislature or the regulatory body that has imposed this duty generally will possess the authority to devise an effective sanction for violations of that duty"].) And *Banga I, supra*, A151758, determined that Banga has a remedy for suppression of medical records under Health and Safety Code section 123120, and that she might have an additional remedy (for the same alleged statutory violation) under the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.) However, Banga voluntarily dismissed those statutory claims, which she pled after remand, and they are *not* before us on this appeal.

We also reject Banga's assertion that *Banga I* established law of the case relevant to her spoliation tort claims. There were no such claims before the court on the prior appeal. And the law of the case doctrine has no application to points of law that were

6

not presented and determined in a prior appeal. (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127.)

The Legislature devised a system of rights and procedures to ensure patient access to health care records. (Health & Saf. Code, §§ 123110, 123120.) Health and Safety Code section 123120 permits an aggrieved patient to bring an action to enforce these provisions, and to potentially obtain attorney fees and costs if they prevail. (See *Person v. Farmers Ins. Group of Companies, supra,* 52 Cal.App.4th at pp. 816-818.) When a patient is represented by counsel (as Banga was in her personal injury action), additional procedures and enforcement mechanisms for obtaining medical records are provided in the Evidence Code. (Evid. Code, § 1158.) Criminal penalties are also provided for alteration of medical records with fraudulent intent. (Pen. Code, § 471.5.)

Our Supreme Court has decided that non-tort remedies such as these are sufficient to deter spoliation and to protect its victims. (*Temple, supra,* 20 Cal.4th at p. 471; *Cedars-Sinai, supra,* 18 Cal.4th at p. 11.) We are bound by that conclusion. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) The trial court did not err in sustaining defendants' demurrer to Banga's third through fifth causes of action without leave to amend.

## B.

Banga also contends that the trial court erred by sustaining defendants' demurrer to her breach of contract cause of action. We disagree.

Notwithstanding the absence of a tort remedy for spoliation, a defendant who expressly promises to preserve evidence can be held liable on breach of contract or promissory estoppel theories. (*Temple, supra,* 20 Cal.4th at p. 477; *Rosen,*

7

*supra*, 193 Cal.App.4th at pp. 460-461; *Cooper v. State Farm Mutual Automobile Ins. Co.* (2009) 177 Cal.App.4th 876, 894.)

In her first cause of action, Banga alleges (in conclusory fashion) that defendants breached a contractual obligation to provide her with *all* medical records from her tests, including underlying objective findings, thereby causing her to receive a reduced personal injury settlement. But, despite the trial court's previous demurrer ruling pointing out the flaw in Banga's pleading, her third amended complaint does not allege the existence of any such express agreement or promise—to provide *all* the underlying data in her medical records.

Instead, Banga provides the full text of two emails that Lao sent to Banga's personal injury attorney before the November 2012 tests. These emails mention " '[m]ed legal' " testing and a " '[m]ed legal report' " but contain no explicit agreement or promise to preserve or provide all underlying records, data, or findings. Implied obligations are insufficient to support a contractual spoliation claim. (*Rosen, supra*, 193 Cal.App.4th at pp. 462-464; *Cooper v. State Farm Mutual Automobile Ins. Co., supra,* 177 Cal.App.4th at p. 904.)

In her opening brief, Banga fails to meet her burden to show how she can amend her complaint to change its legal effect. (See *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44.) She forfeited the points raised for the first time in her reply brief or at oral argument. (See *Rubinstein v. Fakheri* (2020) 49 Cal.App.5th 797, 809.)

The trial court did not err in sustaining defendants' demurrer to Banga's first cause of action without leave to amend. We have considered Banga's remaining arguments and find them either unpersuasive or mooted by our decision to affirm the trial court's order sustaining defendants' demurrer.

8

### DISPOSITION

The judgment is affirmed. Defendants are entitled to their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

_____
BURNS, J.

We concur:

_____
JACKSON, P.J.

_____
SIMONS, J.

A162936